## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIAHANN GRASTY, | ) |
| Plaintiff, | ) |
| | ) Case No. 13 CV 3221 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| COLORADO TECHNICAL UNIVERSITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Diahann Grasty filed the instant complaint on April 10, 2013 alleging she applied for and was accepted to defendant Colorado Technical University's ("CTU") doctoral program, but was ultimately denied financial aid in violation of federal financial aid regulations and pursuant to Title VI of Civil Rights Act of 1964, 42 U.S.C. §2000d *et seq*. (Dkt. #1, Compl.) CTU now moves to dismiss and to compel arbitration pursuant to Rule 12(b)(1). A court must dismiss any action for which it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). When considering a motion to dismiss challenging jurisdiction pursuant to Rule 12(b)(1), the Court can review additional materials beyond the complaint. *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003).

While the facts surrounding this dispute are less than clear, the most germane fact is not in dispute: on December 15, 2012, Grasty executed an enrollment agreement ("Agreement") which, in relevant part, provides:

> Agreement to Arbitrate: Any disputes, claims or controversies between the parties to this Enrollment Agreement arising out of or related to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or education; (iii) financial aid or career service assistance by CTU; (iv) any claim no matter how described, pleaded or styled, relating, in any manner to any act or omission regarding the Student's relationship with CTU, its employees, or with externship sites or their employees; or (v) any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement, shall be resolved pursuant to this paragraph (the "Arbitration Agreement"). (Dkt. #95-1, Ex. A, ¶13.)

1

Grasty initialed each page of the Agreement, acknowledging "I have received and reviewed this page," and, above her signature reads: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." (*Id.*)

In 2012 and 2013, Grasty was accepted to CTU and enrolled in a three-credit course. Grasty was allegedly told that her enrollment in the three-credit course was sufficient to qualify her for federal financial aid and a stipend, but was later informed that federal regulations mandated that she enroll in at least four credits to remain eligible financial aid. According to Grasty, she was given two options: 1) CTU offered pay for the three credit course and Grasty would forego her financial aid and stipend; or 2) CTU offered to allow Grasty to enroll in five-credit course. Grasty refused both options and filed the instant complaint alleging CTU discriminated against her and wrongfully refused to disperse her promised financial aid award.

CTU disputes that it ever promised Grasty any financial aid and argues that the complaint should be dismissed and compelled to arbitration. CTU contends that, by executing the Agreement, Grasty entered into an enforceable arbitration agreement with CTU in December 2012, which is further evidenced by the fact that she enrolled at CTU thereafter. Grasty argues the Agreement is unenforceable for failure of consideration and, in the alternative, that CTU anticipatorily breached and repudiated the contract when it failed to disburse financial aid as allegedly promised. The parties do not dispute that Illinois law governs.

The Federal Arbitration Act governs the validity of agreements to arbitrate. *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Whether the parties have validly agreed to arbitrate is governed by state-law principles of contract formation. *Id*. Arbitration provisions may therefore be invalid by general contract defenses. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010). "[T]he decision whether to compel arbitration is not discretionary. Where there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory and the trial court must compel it." *LRN Holding, Inc. v. Windlake Capital Advisors, LLC*, 409 Ill. App. 3d 1025, 1027 (3rd Dist. 2011) (citation omitted).

To form a contract under Illinois law there must be an offer, an acceptance and consideration. *Hedlund and Hanley, LLC v. Bd. of Trustees of Comm. College Dist. No. 508.*, 376 Ill.App.3d 200, 206 (1st Dist. 2007). Acceptance of a written contract generally is evidenced by a party's execution of the contract. *Id*. Indeed, Grasty signed the Agreement and initialed each page. (*See* Dkt. #95-1.) Consideration is the "bargained-for exchange of promises or performances, which may consist of a promise, an act, a forbearance, or the creation, modification, or destruction of a legal relation." *Ross v. May Co.*, 377 Ill. App. 3d 387, 391 (1st Dist. 2007). "Any act or promise which is of benefit to one party or disadvantage to the other is a sufficient consideration to support a contract." *Carter v. SSC Odin Operating Co., LLC*, 976 N.E.2d 344, 352 (2012) *(quoting Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 330 (1977)). Here, CTU promised to enroll Grasty as a student and Grasty promised to pay tuition. As such, the Agreement is properly supported by consideration.

The Court further finds that Grasty's claims clearly arise out of her "recruitment, enrollment, attendance or education," and "financial aid…assistance by CTU" and thus fall squarely within the scope of the Agreement. (Dkt. #95-1, Ex. A, ¶13.) Indeed, "any claim no matter how described, pleaded or styled, relating, in any manner to any act or omission regarding the Student's relationship with CTU, its employees […] or any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement" shall be submitted to arbitration. (*Id*.) Accordingly, any dispute as to what CTU said or promised to Grasty with respect to her financial aid award, and whether CTU allegedly anticipatorily breached the Agreement must be submitted to arbitration.

For all these reasons, CTU's motion to dismiss and to compel arbitration is granted. The Court thanks Cary A. Horvath for his able and zealous advocacy on behalf of plaintiff, Diahann Grasty.

IT IS SO ORDERED.

_____
Date: August 12, 2014

United States District Judge